UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GIBSON,<br><br>                Plaintiff,<br><br>v.<br><br>PENNA WASTE, et al.,<br><br>                Defendants. | CIVIL ACTION NO. 1:25-CV-02118<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is the December 4, 2025, report and recommendation of Chief Magistrate Judge Daryl F. Bloom recommending the Court dismiss *pro se* Plaintiff Jeffrey Gibson's ("Gibson") complaint without prejudice and grant leave to amend. (Doc. 5). On December 15, 2025, Gibson filed a timely objection. (Doc. 6). Based on the Court's review of the report along with Gibson's objection, Gibson's objection is **OVERRULED**, and the report will be **ADOPTED IN ITS ENTIRETY**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

On November 10, 2025, Gibson filed a complaint alleging Defendants Penna Waste and Susquehanna Township (together, "Defendants") violated his constitutional rights by preventing him from selecting his preferred waste company for collection services. (Doc. 1). On November 20, 2025, Gibson filed a motion to proceed *in forma pauperis*. (Doc. 4). On December 4, 2025, Judge Bloom conditionally granted Gibson's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. 5). Judge Bloom determined that Gibson fails to state a claim from which relief can be granted but recommended that the Court grant Gibson twenty days to file an amended complaint. (Doc. 5, at 8-9). Judge Bloom informed Gibson that he had fourteen days to file an objection

to the report. (Doc. 5, at 8-9). On December 15, 2025, Gibson filed a timely objection. (Doc. 6).

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

## III. DISCUSSION

In the report, Judge Bloom concluded that dismissal is warranted because Gibson does not clearly identify how Defendants violated his constitutional rights but rather simply states, in a conclusory fashion, that Defendants are illegally forcing the people of Susquehanna

Township to pay Penna Waste for trash collection. (Doc. 5, at 6-7). Judge Bloom further found that Gibson's claims appear to be barred by the *Rooker-Feldman* doctrine, which bars actions asking federal courts to engage in appellate review of state court decisions. (Doc. 5, at 7-8). Judge Bloom noted that Gibson attached a notice of judgment/transcript form from a state court proceeding. (Doc. 5, at 7-8) The form notes that it must be included in Gibson's state court notice of appeal if he were to file one. (Doc. 1-1, at 1). Judge Bloom dismissed Gibson's action to the extent he wishes to use the federal courts to appeal a state court decision. (Doc. 5, at 7-8).

Gibson's objection does not respond to Judge Bloom's substantive findings and instead 1) reiterates that Defendants' actions are illegal under federal law and 2) asserts that he filed a claim for relief. (Doc. 6). Even though *pro se* pleadings must be liberally construed, "courts should not assume the role of advocate and dismissal is proper where claims are supported only by vague and conclusory allegations." *Coley v. Beard*, No. CIVA 3:05CV2290, 2006 WL 1670253, at *5 (M.D. Pa. June 13, 2006). Courts overrule objections where the objector fails to respond to the report and recommendation's substantive holdings and merely repeats allegations alleged from the operative complaint. *See Wassel v. Pike Cnty.*, No. 3:22CV145, 2025 WL 1710245, at *4 (M.D. Pa. June 18, 2025) (overruling an objection to a report and recommendation where the objection was "nonresponsive to the [report and recommendation]" and "only reiterat[ed] portions of the plaintiff's narrative from his amended complaint"); *see also Gary v. Workers Comp. Appeals Bd.*, No. 1:19-CV-961, 2019 WL 13440623, at *1 (M.D. Pa. June 24, 2019) (overruling an objection to a report and recommendation because the objection "merely restate[d] facts and arguments previously

3

presented in [the plaintiff's] complaint"). Gibson's objection fails because it does not respond to any of Judge Bloom's substantive findings. *See Wassel*, 2025 WL 1710245, at *4; *see also Gary*, 2019 WL 13440623, at *1. Accordingly, the Court **OVERRULES** Gibson's objection and **ADOPTS** the report and recommendation **in its entirety** as an order of the Court. (Doc. 5; Doc. 6).

### IV. CONCLUSION

The Court agrees with the Judge Bloom's sound reasoning and discerns no error of law. Accordingly, the report and recommendation (Doc. 5) is **ADOPTED IN ITS ENTIRETY** as an opinion of the Court. The complaint is **DISMISSED without prejudice**. (Doc. 1). Gibson will be granted twenty-one days to file an amended complaint.

An appropriate Order follows.

Dated: December 31, 2025                                        *s/ Karoline Mehalchick*
                                                                 **KAROLINE MEHALCHICK**
                                                                 **United States District Judge**