**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JEFFREY GIBSON,

              Plaintiff,

    v.

PENNA WASTE, et al.,

              Defendants.

CIVIL ACTION NO. 1:25-CV-02118

(MEHALCHICK, J.)

## ORDER

On November 10, 2025, *pro se* Plaintiff Jeffrey Gibson ("Gibson") initiated this action by filing a complaint against Defendants Penna Waste and Susquehanna Township (together, "Defendants"). (Doc. 1). On November 20, 2025, Gibson filed a motion for leave to proceed *in forma pauperis*. (Doc. 4). On December 4, 2025, Chief Magistrate Judge Daryl F. Bloom conditionally granted Gibson's motion to proceed *in forma pauperis* and screened the complaint in accordance with 28 U.S.C. § 1915(e)(2). (Doc. 5, at 8-9). After screening the complaint, Judge Bloom recommended that the Court dismiss the complaint without prejudice and grant leave to amend. (Doc. 5). Gibson filed an objection, however, the objection did not respond to Judge Bloom's substantive findings. (Doc. 6). The Court agreed with Judge Bloom's report and dismissed the complaint without prejudice. (Doc. 7; Doc. 8). The Court granted Gibson leave to file an amended complaint by January 21, 2026. (Doc. 8). On January 12, 2026, Gibson filed a request for miscellaneous relief which alleges that Defendants are violating municipal, state, and federal law. (Doc. 9). The Court will liberally construe this document to be a timely filed amended complaint since Gibson filed no other timely amended complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating "[a] document filed *pro se* is 'to be liberally construed'") (citing *Estelle v. Gamble*, 429 U.S. 97, 106

(1976)); *see also Keo v. N. E. Reg'l Police Dep't*, No. 25-2579, 2025 WL 3084760, at *1 (3d Cir. Nov. 4, 2025) (nonprecedential) (affirming a district court's decision to liberally construe a *pro se* filing as a timely filed amended complaint and then dismiss that amended complaint). For the following reasons, the Court dismisses this action and denies further leave to amend.

Under 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint to determine whether the plaintiff states a claim from which relief can be granted. Courts screen complaints in accordance with the Rule 12(b)(6) motion to dismiss standard. *See Coward v. City of Philadelphia*, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021). A court should dismiss a *pro se* amended complaint where the plaintiff does not correct the deficiencies which led the court to dismiss the initial complaint. *See Jenkins v. Transp. Workers Union, Loc. 234*, No. CV 19-1904, 2020 WL 85966, at *3 (E.D. Pa. Jan. 7, 2020), *aff'd sub nom. Jenkins v. Transp. Workers Loc. 234*, No. 20-1360, 2021 WL 3781719 (3d Cir. Aug. 26, 2021) (stating "[Plaintiff] has failed to correct the deficiencies in her initial complaint and, therefore, the Court dismisses her Amended Complaint in its entirety"); *see also Tufano v. Frankies Free Range Meat Conspirators*, No. 3:24-CV-846, 2024 WL 5318269, at *3 (M.D. Pa. Nov. 6, 2024), *report and recommendation adopted*, No. 3:24-CV-846, 2024 WL 5318270 (M.D. Pa. Dec. 9, 2024) (recommending the court dismiss claims in an amended complaint where the plaintiff repeated errors which already led to dismissal of the original complaint).

The Court previously dismissed Plaintiffs' complaint because 1) Gibson appeared to be attempting to raise a constitutional challenge but did not clearly identify how Defendants violated his constitutional rights, and 2) Gibson appeared to be attempting to appeal a state court decision in federal court which is impermissible under the *Rooker-Feldman* doctrine.

(Doc. 5, at 6-8; Doc. 7, at 2-3). Gibson's amended complaint suffers from similar defects. (Doc. 9). Like his previous complaint, Gibson's amended complaint vaguely states that Defendants are violating federal law, this time without specifying that his claims are constitutional claims. (Doc. 9, at 1). Like with his first complaint, Gibson does not identify a federal legal theory or explain how Defendants' conduct violates that theory. (Doc. 9, at 1). Because these claims suffer from the same deficiencies previously outlined by Judge Bloom and the Undersigned, the Court **DISMISSES** Gibson's federal claims. (Doc. 5, at 6-8; Doc. 7, at 2-3; Doc. 9); *see Jenkins*, 2020 WL 85966, at *3; *see also Tufano*, 2024 WL 5318269, at *3.

Gibson also lists various municipal ordinances and Pennsylvania statutes and alleges, in a conclusory fashion, that Defendants violated those ordinances and statutes. (Doc. 9, at 1). Even if the Court found that Gibson's conclusory statements were sufficient to state a claim under state and municipal law, federal courts only retain jurisdiction over state claims where the Court has diversity or supplemental jurisdiction. *See Kovalev v. Stepansky*, 835 F. App'x 678, 680 (3d Cir. 2020) (nonprecedential) (affirming a district court's dismissal of state claims where the court did not have diversity jurisdiction and the Court exercised its discretion to decline supplemental jurisdiction). The amended complaint contains no allegations regarding how the Court could retain diversity jurisdiction over Gibson's state and municipal claims. (Doc. 9). It appears impossible for the Court to retain diversity jurisdiction because it seems that Gibson is a Pennsylvania resident bringing an action against a Pennsylvania corporation and municipality. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 247 (3d Cir. 2013) (stating "[d]istrict courts have [diversity] jurisdiction under 28 U.S.C. § 1332 only if the parties are completely diverse. This means that no plaintiff may have the same state or territorial citizenship as any defendant." (citations omitted)). While a federal

court may retain supplemental jurisdiction over state claims brought alongside federal claims, courts have discretion to decline to exercise supplemental jurisdiction over state claims where the court dismisses the accompanying federal claims. *See Sarpolis v. Tereshko*, 625 F. App'x 594, 599 (3d Cir. 2016) (nonprecedential) (stating "28 U.S.C. § 1367(c)(3) confers discretion on federal district courts to decline to exercise supplemental jurisdiction if 'the district court has dismissed all claims over which it has original jurisdiction'" (quoting 28 U.S.C. § 1367(c)(3)). "When exercising this discretion, a district court should not retain supplemental jurisdiction over any remaining state-law claims 'unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Sarpolis*, 625 F. App'x at 599 (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). Gibson presents no reasons as to why the Court should retain supplemental jurisdiction and the Court cannot infer one based on Gibson's conclusory statements. (Doc. 9). Accordingly, the Court **DISMISSES** Gibson's amended complaint. (Doc. 9).

The Court further denies leave to amend because Gibson has already had a second opportunity to state a claim but has failed to cure the deficiencies previously outlined by the Court. *See Lawrence v. Fed. Bureau of Prisons*, No. 1:23-CV-00060, 2023 WL 2923134, at *4 (M.D. Pa. Apr. 12, 2023) (stating "[Plaintiff] has already been granted leave to amend once. Further leave to amend will be denied because [Plaintiff] has failed to cure the fundamental deficiencies with his complaint even after 'amendments previously allowed'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). While the Court denies leave to amend, the Court acknowledges Gibson's *pro se* status and dismisses Gibson's amended complaint without prejudice to Gibson's ability to file a separate action in a court of appropriate jurisdiction. *See Pollick v. Lackawanna County Prison*, No. 1:26-CV-642, 2026 WL 897375, at *4 (M.D. Pa. Mar.

30, 2026) (dismissing a case without prejudice to the plaintiff's ability to file a separate action but denying leave to amend and directing the Clerk of Court to close the matter).

Accordingly, the Court **DISMISSES** this action **without prejudice** to Gibson's ability to file a separate action but **DENIES** leave to file an amended complaint. The Clerk of Court is directed to close this matter.

BY THE COURT:

Dated: April 14, 2026

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**

5